**SOUTHERN OHIO COAL COMPANY, Plaintiff,**

v.

**OFFICE OF SURFACE MINING REC-LAMATION AND ENFORCE-MENT, Defendant.**

No. C2–93–751.

United States District Court, S.D. Ohio, E.D.

*July 30, 1993.*

Michael Miller, Columbus, OH, for plaintiff.

Wayne Babcock, Pittsburgh, PA, for defendant.

*ORDER*

BECKWITH, District Judge.

This matter is before the Court for consideration of Plaintiff's motion for a temporary restraining order, which this Court will address as a motion for a restraining order and for a preliminary injunction.

*Background*

Plaintiff's Meigs Mine Number 1 is presently severely flooded with water. Plaintiff has proposed a plan for evacuation of the water, and the Ohio Environmental Protection Agency has approved that plan. The Ohio Division of Reclamation issued a cessation order to prevent the evacuation of the water, pursuant to the Ohio Surface Mining Act. That cessation order was reviewed and vacated by the Chairman of the Ohio Reclamation Board of Review. The Chairman found that Plaintiff's proposed evacuation plan does not pose a danger to public health or safety and does not threaten significant imminent environmental harm.

Subsequent to the review and decision of the Chairman of Ohio's Reclamation Board of Review, but before evacuation of the water from Meigs Mine Number 1, Defendant issued a cessation order prohibiting the water removal operation, based upon a finding of significant imminent environmental harm. The factual *inquiry* made by Defendant was the same as that by the Chairman of the state Review Board; although the two entities arrived at opposite *conclusions*. Plaintiff petitions this Court for an order temporarily restraining and preliminarily enjoining the action of Defendant.

*Analysis*

The threshold question in this proceeding is whether the federal Office of Surface Mining Reclamation and Enforcement (hereinafter referred to as the "OSM") acted without jurisdiction in issuing the cessation order after the state Reclamation Board of Review had vacated a similar order issued by the OSM's state counterpart. This issue is resolved by the relevant federal statute found at Title 30, Section 1271 of the United States Code.

Subsection (a)(1) of Section 1271 provides that, having approved a state regulatory agency, the OSM may only act when that state agency fails to act within ten days of receiving notice of a potential violation of the statute or any permit condition required by the statute. The OSM is, accordingly, without jurisdiction unless the approved state agency fails to act. This concept is known as primacy and results from the congressional finding, codified at 30 U.S.C. § 1201(f), that the states are better able to regulate mining and reclamation activities within the states.

In this case, the Ohio Division of Reclamation and Reclamation Board of Review, the state agencies approved to regulate mining and reclamation, exercised jurisdiction before the OSM took any action. Accordingly, the prerequisite for federal agency action was not satisfied, and the OSM acted without jurisdiction when it issued the cessation order that is the subject of the instant motion.

The OSM argues that it was acting pursuant to 30 U.S.C. § 1271(a)(2) when it issued the cessation order. That subsection does not operate to divest the approved state agency of jurisdiction where that agency has exercised jurisdiction before the OSM has acted. Rather, § 1271(a)(2) prescribes the procedure to be followed by the OSM when the OSM finds that imminent danger to public health or safety exists and the approved state agency has *not* already assumed jurisdiction. At no time may the OSM exercise jurisdiction in a situation in which the approved state agency is already acting, so long as that state agency is acting appropriately.

The Court finds that the state agency has acted appropriately and in accordance

**1324**

with statutorily-prescribed procedures in this case. The Reclamation Board of Review considered the correct factual question, to wit, whether Plaintiff's proposed plan posed a danger to public health or safety or threatened significant imminent environmental harm. The state agency made a finding that is supported by the evidence that was before it. The same evidence caused the OSM to reach a different conclusion. However, the statute does not provide that the OSM may exercise jurisdiction concurrently with the approved state agency or may divest the state agency of jurisdiction whenever it disagrees with that agency's factual conclusions.

Clearly, the OSM is seeking to exercise a veto power over state agency determinations in this case that is not permitted by the statute. Because the Court finds that the approved state agency timely exercised jurisdiction in this matter and acted appropriately, the OSM was without jurisdiction to issue a cessation order. The cessation order is, therefore, a nullity.

■ The parties have also addressed the issue of this Court's jurisdiction to issue this Order. Section 1276 of Title 30 of the United States Code provides that this Court may grant temporary relief from any order or decision issued pursuant to Section 1271(a)(2), as the OSM's order purports to be, if the Court finds that there is a substantial likelihood that the party requesting the relief will prevail on the merits and that the relief will not adversely affect the public health or safety or cause significant imminent environmental harm to land, air, or water resources. The Court finds that there is a substantial likelihood that Plaintiff will prevail on the merits in the state agency proceeding that is ongoing and that the decision of the Chairman of the Reclamation Board of Review concerning danger to the environment was correct based upon the evidence that is before the Court. Accordingly, the Court does have jurisdiction to consider the request that is before it.

Section 1276 does not require that this Court abstain from reviewing decisions or orders before the proceedings are final. In fact, subsection (c) of Section 1276 says that the Court may act "pending final determina-

tion." Accordingly, Defendant's exhaustion of remedies argument is not well-taken and Congress' intent not to require finality of the agency's proceedings is unquestionable.

■ Subsection (e) of Section 1276 provides that review of the decisions of approved state agencies shall be by a court of competent jurisdiction in accordance with state law. Accordingly, this Court will not retain jurisdiction of this matter to review any decision of the Ohio Reclamation Board but will defer to the state courts of competent jurisdiction. Accordingly, this action shall be dismissed sixty days from the date hereof, unless otherwise hereafter ordered.

### Conclusion

For the reasons set forth herein, Plaintiff's motion for a temporary restraining order is hereby GRANTED. Further, this Court hereby enjoins the OSM from exercising jurisdiction in this matter absent a failure by the approved state agency to take appropriate action. Under the exceptional circumstances of this case, the Court will not require that bond be posted.

IT IS SO ORDERED.